UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USA ex rel JASON CALDERON,<br><br>                              Plaintiff,<br><br>-against-<br><br>BANK OF AMERICA,<br><br>                              Defendant. | 22-CV-5415 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging that Defendant Bank of America interfered with his banking and loan accounts. By order dated November 4, 2022, the Court ordered Plaintiff to show cause why this action should not be transferred to the United States District Court for the Western District of North Carolina. Plaintiff did not file any submissions in response to the Court's order. Accordingly, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of North Carolina.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Defendant Bank of America maintains its principal place of business in Charlotte, North Carolina, which is located in Mecklenburg County. (*See* ECF 4, at 3.) Accordingly, Bank of America resides in Mecklenburg County, which is located in the Western District of North Carolina. *See* 28 U.S.C. § 113(c). Thus, under Section 1391(b)(1), venue for this action is proper in that district.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue lies in the Western District of North Carolina, 28 U.S.C. § 1391(b)(1), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of North Carolina, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of North Carolina. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  December 9, 2022
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge